IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

TWC 2022, INC., D/B/A THE WELLNESS COMPANY,

    Plaintiff,

vs.

MELALEUCA, INC.

    Defendant.

## COMPLAINT

Plaintiff TWC 2022, Inc. d/b/a The Wellness Company ("TWC") files this Complaint for Declaratory Judgment against Defendant Melaleuca, Inc. ("Melaleuca"). TWC seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 that TWC did not infringe Melaleuca's alleged trademarks THE WELLNESS COMPANY and VITALITY.

## THE PARTIES

1. Plaintiff TWC is a Delaware corporation with its principal place of business in Boca Raton, Florida.

2. Upon information and belief, Defendant Melaleuca is an Idaho corporation with its principal place of business in Idaho Falls, Idaho.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. This Court has personal jurisdiction over Defendant Melaleuca based upon the following: (a) Melaleuca regularly conducts business in this district and in the State of Florida; and (b) on June 30, 2023 and September 5, 2023, Melaleuca sent cease and desist letters threatening to file suit against Plaintiff, a corporation with its principal place of business in this judicial district.

## FACTS COMMON TO ALL CLAIMS

5. TWC commenced operations in 2022, as a corporation dedicated to standing up for medical freedom, the right to affordable health care, and the right to make one's own choices for one's own body.

6. TWC strives to build a new health care system that will earn people's trust by being operated and governed with transparency and by putting the patient first.

7. In furtherance of those goals, TWC manufactures, markets, and sells dietary supplements. TWC maintains two separate product lines for these supplements: (a) the WELLNESS SIGNATURE SERIES, which focuses on specially designed, formulations; and (b) the WELLNESS VITALITY SERIES, which focuses upon everyday supplements.

8. On or about June 30, 2023, TWC received correspondence from counsel for Defendant Melaleuca. *See* June 30, 2023 Correspondence from Melaleuca to TWC, attached hereto as **Exhibit 1**.

9. In that letter, Melaleuca claimed that it "has used the tagline THE WELLNESS COMPANY as a trademark in the United States for health and wellness products, including supplements, since at least November 30, 2001."

10. Melaleuca's letter also claimed that it "has an extensive line of products, including supplements, marketed using the mark VITALITY, and has used VITALITY as a trademark since at least September, 1989."

11. The June 30, 2023 letter additionally cited to several registrations that Melaleuca purportedly owns with the United States Patent and Trademark Office ("USPTO"), including two registrations for MELALEUCA: THE WELLNESS COMPANY and registrations that contain the term "VITALITY" with other terms, as follows: VITALITY FOR LIFE, VITALITY PAK, VITALITY COLDWATER OMEGA-3, and VITALITY CALCIUM COMPLETE.

12. Melaleuca's letter alleged that TWC's use of THE WELLNESS COMPANY as the name of its company, and "Vitality" in the name of its WELLNESS VITALITY SERIES is "in violation of state and federal trademark and unfair-competition law, including Lanham Act 15 U.S.C. §§ 1114(1), 1125(a), and related statutes."

13. Melaleuca demanded that TWC "cease and desist from selling or offering to sell supplement products, and any other health-and-wellness-related goods and services, using the VITALITY and THE WELLNESS COMPANY marks on [its] website and products."

14. TWC responded to Melaleuca's letter on August 24, 2023. *See* August 24, 2023 Correspondence from TWC to Melaleuca, attached hereto as **Exhibit 2**.

15. In its response, TWC concluded that it was not infringing upon Melaleuca's intellectual property rights and would not cease use of THE WELLNESS COMPANY or WELLNESS VITALITY SERIES in connection with its health and wellness products and services.

16. With regard to TWC's use of THE WELLNESS COMPANY, TWC established that it was descriptive both as a composite mark and with regard to its individual elements, which

- 3 -
Complaint

Melaleuca conceded to the USPTO by entering a disclaimer for the term on both registrations that it cited in its June 30 correspondence.

17. TWC additionally noted that, as an entity designation, the word "COMPANY" has no source identifying capacity, and that the word "WELLNESS" was highly descriptive with "548 results for marks used in connection with supplements" on the USPTO's site and "438 results for marks used in connection with Class 35 services," such as those offered by Melaleuca.

18. With regard to TWC's alleged use of VITALITY, TWC responded that it did not use the mark in a manner identical to Melaleuca's use of the mark. After all, TWC used it in connection with the phrase "WELLNESS VITALITY SERIES," and Melaleuca used it together with unrelated terms.

19. Moreover, the term "VITALITY" is also highly diluted, leaving customers accustomed to distinguishing between various "VITALITY-formative marks owned by numerous unrelated third parties based only on minor differences." In fact, on the USPTO site, there were "134 results for marks used in connection with supplements, multiple of which are used in connection with Class 35 services," similar to those offered by Melaleuca.

20. On September 5, 2023, Melaleuca sent a follow-up letter to TWC. *See* September 5, 2023 Correspondence from Melaleuca to TWC, attached hereto as **Exhibit 3**.

21. Melaleuca's follow-up stated that TWC's use of THE WELLNESS COMPANY and WELLNESS VITALITY SERIES marks together was likely to confuse consumers, as Melaleuca "has used its THE WELLNESS COMPANY and VITALITY trademarks separately and together for decades." The letter falsely claimed that TWC's "conjoint use of both THE WELLNESS COMPANY and VITALITY" mimics "Melaleuca's use for identical or other closely related goods," resulting in a likelihood of consumer confusion.

22. However, TWC does not use the THE WELLNESS COMPANY and VITALITY names in a manner identical to Melaleuca. It does not use THE WELLNESS COMPANY as a tagline, and it does not use VITALITY in connection with the terms "for life," "pak," "coldwater omega-3," or "calcium complete." Rather, it uses VITALITY as part of the name of its WELLNESS VITALITY SERIES product line.

23. Melaleuca's September 5 letter reiterated its cease and desist demand.

24. No reasonable consumer would be confused regarding TWC's affiliation with Melaleuca. Defendant has created a case and controversy and threatened legal action against TWC, entitling TWC to request a declaratory judgment from this Court so that it may go about its business and affairs without the pall of a lawsuit hanging over its head.

## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**Declaratory Judgment**

**Re: Plaintiff's Use of THE WELLNESS COMPANY**

25. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth fully herein.

26. Plaintiff uses THE WELLNESS COMPANY as the name of its business and has done so since its inception.

27. Defendant claims that it has used "The Wellness Company" as a tagline since 2001 and referred Plaintiff to two trademark registrations with the USPTO that it purportedly owns for MELALEUCA: THE WELLNESS COMPANY. However, it disclaimed the descriptive term "The Wellness Company" on both registrations.

28. Moreover, the word "Company" has no source identifying capacity, and the word "Wellness" is highly descriptive, leaving consumers with experience in distinguishing between various uses of the term by unrelated third parties.

29. Other supplement companies use the term "Wellness" to identify their goods and services, presumably with no consumer confusion.

30. To the extent that Defendant's accusations are accurate, a fact Plaintiff does not concede, Plaintiff did not use THE WELLNESS COMPANY in a manner that suggests a connection with Defendant Melaleuca or its goods and/or services.

31. To the extent that Defendant's accusations are accurate, a fact Plaintiff does not concede, Plaintiff did not use THE WELLNESS COMPANY in a manner that is likely to confuse or cause mistake among consumers.

32. Defendant sent Plaintiff cease and desist letters on June 30 and September 5, 2023, falsely accusing Plaintiff of infringing its trademark rights through its use of the THE WELLNESS COMPANY name and demanding that Plaintiff cease use of the mark, creating a case or controversy and entitling TWC to ask this Court for declaratory relief.

33. Accordingly, pursuant to the Declaratory Judgment Act and the federal Lanham Act, TWC respectfully requests the declaration of this Court that it has not infringed upon any purported trademark rights of Defendants.

### SECOND CLAIM FOR RELIEF

### Declaratory Judgment

### Re: Plaintiff's use of WELLNESS VITALITY SERIES

34. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth fully herein.

35. Plaintiff uses the term "Vitality" as part of the name of one of its product lines, the WELLNESS VITALITY SERIES.

36. Defendant claims that it has used the term "Vitality" to market an "extensive line of products" and as a trademark since September 1989 and that Plaintiff used "Vitality" in an identical manner.

37. However, TWC and Melaleuca do not use the term "Vitality" in an identical manner. TWC uses it in conjunction with its WELLNESS VITALITY SERIES, while Melaleuca uses it in conjunction with unrelated terms, such as VITALITY FOR LIFE, VITALITY PAK, VITALITY COLDWATER OMEGA-3, and VITALITY CALCIUM COMPLETE.

38. Moreover, the term "VITALITY" is also highly diluted in the supplement industry, leaving customers accustomed to distinguishing between various VITALITY-formative marks owned by numerous unrelated third parties based only on minor differences.

39. Other supplement companies use the term "Vitality" to identify their goods and services, presumably with no consumer confusion.

40. To the extent that Defendant's accusations are accurate, a fact Plaintiff does not concede, Plaintiff did not use VITALITY or WELLNESS VITALITY SERIES in a manner that suggests a connection with Defendant Melaleuca or its goods and/or services.

41. To the extent that Defendant's accusations are accurate, a fact Plaintiff does not concede, Plaintiff did not use VITALITY or WELLNESS VITALITY SERIES in a manner that is likely to confuse or cause mistake among consumers.

42. Defendant sent Plaintiff cease and desist letters on June 30 and September 5, 2023, falsely accusing Plaintiff of infringing its trademark rights through its use of the WELLNESS

VITALITY SERIES and/or VITALITY name and demanding that Plaintiff cease use of the mark, creating a case or controversy and entitling TWC to ask this Court for declaratory relief.

43. Accordingly, pursuant to the Declaratory Judgment Act and the federal Lanham Act, TWC respectfully requests the declaration of this Court that it has not infringed upon any purported trademark rights of Defendants.

### THIRD CLAIM FOR RELIEF

### Declaratory Judgment

### Re: Plaintiff's Use of THE WELLNESS COMPANY and

### WELLNESS VITALITY SERIES in Conjunction

44. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth fully herein.

45. Plaintiff uses THE WELLNESS COMPANY as the name of its business and uses WELLNESS VITALITY SERIES as the name of one of its product lines.

46. Defendant claims that Plaintiff's use of THE WELLNESS COMPANY and WELLNESS VITALITY SERIES in conjunction with each other will result in consumer confusion, as Defendant alleges that it has used THE WELLNESS COMPANY and VITALITY separately and together for decades and that Plaintiff's use mimics its use.

47. However, Plaintiff's use does not mimic Defendant's use. It does not use THE WELLNESS COMPANY as a tagline, and it uses "Vitality" as part of the name of its WELLNESS VITALITY SERIES product line.

48. To the extent that Defendant's accusations are accurate, a fact Plaintiff does not concede, Plaintiff did not use THE WELLNESS COMPANY and WELLNESS VITALITY

SERIES together in a manner that suggests a connection with Defendant Melaleuca or its goods and/or services.

49. To the extent that Defendant's accusations are accurate, a fact Plaintiff does not concede, Plaintiff did not use THE WELLNESS COMPANY and WELLNESS VITALITY SERIES together in a manner that is likely to confuse or cause mistake among consumers.

50. Defendant sent Plaintiff cease and desist letters on June 30 and September 5, 2023, falsely accusing Plaintiff of infringing its trademark rights through its use of the THE WELLNESS CENTER and WELLNESS VITALITY SERIES marks together and demanding that Plaintiff cease use of the marks, creating a case or controversy and entitling TWC to ask this Court for declaratory relief.

51. Accordingly, pursuant to the Declaratory Judgment Act and the federal Lanham Act, TWC respectfully requests the declaration of this Court that it has not infringed upon any purported trademark rights of Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TWC hereby prays for relief as follows:

A. Preliminary and permanent injunctive relief prohibiting Defendant from interfering with Plaintiff's use of THE WELLNESS COMPANY as the name of its business;

B. Preliminary and permanent injunctive relief prohibiting Defendant from interfering with Plaintiff's use of WELLNESS VITALITY SERIES as the name of one of its product lines;

C. Preliminary and permanent injunctive relief prohibiting Defendant from interfering with Plaintiff's use of THE WELLNESS COMPANY and WELLNESS VITALITY SERIES together to market its goods and services;

D. Declaratory judgment that Plaintiff did not infringe upon Defendant's purported THE WELLNESS COMPANY trademark;

E. Declaratory judgment that Plaintiff did not infringe upon Defendant's purported VITALITY trademark;

F. Declaratory judgment that Plaintiff did not infringe upon Defendant's trademarks by using THE WELLNESS COMPANY and WELLNESS VITALITY SERIES together to market its goods and services;

G. An award of its attorneys' fees and costs; and

H. Such other relief as this Court deems proper.

Dated: October 18, 2023.　　　　　　　　Respectfully submitted,

*/s/ Marc J. Randazza*
Marc J. Randazza (FL Bar No. 625566)
ecf@randazza.com
RANDAZZA LEGAL GROUP, PLLC
2 S Biscayne Blvd #2600
Miami, FL 33131
Tel: (888) 887-1776

Ronald D. Green (*pro hac vice forthcoming*)
rdg@randazza.com
RANDAZZA LEGAL GROUP, PLLC
4974 S. Rainbow Blvd., Ste. 100
Las Vegas, NV 89118
Tel: (888) 887-1776

*Attorneys for Plaintiff*,
TWC 2022, INC., d/b/a The Wellness Company